W. A. ELMORE *v.* W. L. ROBINSON AND A. R. MONTGOMERY.

Defendants pleaded part payment and prescription of three years, to the demand in a suit against a lessee and surety on a lease, for the rent due :

*Held* :—That the defences are inconsistent ; that the plea of part payment is an acknowledgment that the debt is due, and interrupted prescription.

The surety on a lease is not discharged by the negligence of the lessor in enforcing the rent; in all cases of negligence or refusal of the creditor to act, the surety's remedy is indicated and pointed out in Article 3026 C. C.

Where the surety on a lease fails to plead discussion, to point out the property of the debtor, and to advance a sufficient sum to have the discussion effected, as required by Articles 3015, 3016 C. C., he becomes absolutely bound in solido for the debt, and has lost all the privileges granted by law to simple sureties.

APPEAL from the Fourth District Court of New Orleans, *Theard*, J. *Buchanan & Gilmore*, for appellant.   *W. W. King*, for appellees.

LABAUVE, J.   This suit is brought on a lease by plaintiff to defendant Robinson, with defendant Montgomery as surety, of a dwelling house, from the 1st October, 1861, to the 30th September, 1862, at the rate of $75 per month, payable at the end of each month.

The petition claims six months' rent as unpaid, to wit : from the 1st April to the 30th September, 1862.

The answer of defendants denied the indebtedness, as stated in the petition; admitted the lease ; *pleaded part payment of the rent sued for*, and the prescription of three years.

The District Court, after hearing the testimony, gave judgment for plaintiff against the defendants in solido.

Montgomery alone has appealed.

The appellant's counsel says in his brief :

" The answer of both defendants alleges, among other matters, which need not be noticed :

" 1. Part payment ; and, 2. Prescription of three years. No proof of payment was offered by one co-defendant, Mr. Robinson, on the trial of the cause below, and it may, therefore, be considered as abandoned. The plea of prescription is the only serious defence in the cause."

The debt is prima facie prescribed, except the last month's rent. It devolves on the plaintiff to show that this prescription has been suspended or interrupted by means recognized by the law.

Prescription ceases whenever the debtor acknowledges the right of the person whose title he prescribed. C. C. Art. 3486. So it has been repeatedly decided that the partial payment on the debt, was an acknowledgement of the debt, and interrupted prescription ; it is not an open question. The defendants, having pleaded part payment of the rent sued for, admitted that the balance was due, and thereby destroying the presumption of law that the whole debt was paid. C. C. Art. 3515. The case would be different if they had pleaded payment of the whole debt ; it would be nothing more than the law presumes ; in that case there would be no acknowledgment of any part remaining due. The plea of prescription must be overruled.

The defendant further contends, in his brief, although no plea of that kind is found in his answer, that as surety he has been discharged by the act of the plaintiff, by leaving the city in May, 1862, and remaining absent during the whole time the lease endured, without making any attempt to collect any rent from Robinson, etc. In the record, there is no act of the plaintiff shown which prevented the defendant from being subrogated to all plaintiff's rights, and the plaintiff's mere forbearance or delay in enforcing his rights, did not discharge the appellant. Civil Code, Article 3030. Parker v. Alexander, 2 An. 188. In all cases of the silence of the creditor to act, the surety's remedy is indicated in Art. 3026 of the Civil Code.

The appellant further contends in his brief, but not in his answer, that he has not bound himself in solido with Robinson, and that the judgment condemning him (the appellant) in solido is clearly wrong.

The appellant having failed to plead discussion, to point out property of the debtor, and to advance a sufficient sum to have the discussion effected, as required by Arts. 3015, 3016, of the Civil Code, lost all the privileges granted by law to simple sureties and became absolutely bound; even if the appellant had pleaded discussion, his failure to make an actual tender of any specific sum to effect it, would have deprived him of that plea. Robechot v. Folse, 11 La. R. 136.

It is therefore ordered and decreed, that the judgment appealed from be affirmed, with costs.